**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 11 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50257 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-02892-BEN |
| v. | |
| IVAN EDUARDO HERNANDEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted May 8, 2017[**]

Before:     REINHARDT, LEAVY, and NGUYEN, Circuit Judges.

Ivan Eduardo Hernandez appeals from the district court's judgment and challenges the 71-month sentence imposed following his guilty-plea convictions for importation of methamphetamine and heroin, in violation of 21 U.S.C. §§ 952, 960.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Hernandez contends that the district court's minor role analysis was flawed because the court refused to compare him to unknown participants in the drug trafficking organization. Assuming without deciding that the court was required to compare Hernandez to unidentified co-participants, we find no reversible error. The record reflects that, even if the court had considered a broader network of participants, it would not have concluded that Hernandez was "substantially less culpable" than the average participant in light of Hernandez's repeated crossings and the amount of drugs and money involved. *See* U.S.S.G. § 3B1.2 cmt. n.3(A), (C).

The government correctly concedes that the written judgment erroneously imposes a 72-month sentence, rather than the 71-month sentence that the district court orally pronounced. Therefore, we vacate the judgment and remand so the district court can make the written judgment consistent with the unambiguous oral pronouncement of the sentence. *See United States v. Hernandez*, 795 F.3d 1159, 1169 (9th Cir. 2015).

**AFFIRMED; REMANDED to correct the judgment.**

16-50257